# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05CV283-MU-02

| | | |
|---|---|---|
| **WARREN DARNELL TIPPS,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **STATE OF NORTH CAROLINA,** | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of Habeas Corpus, filed December 13, 2005. For the reasons stated herein, the petitioner's case will be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to this Petition, on January 27, 2003, the petitioner pled guilty to one count of felony Possession of Cocaine and to the status of Habitual Felon. Accordingly, on that occasion, the Superior Court of Catawba County convicted the petitioner, and sentenced him to a total term of 96 to 125 months imprisonment. The petitioner's Petition further reports that he did not file a direct appeal in his case.

Rather, after waiting nearly 2 ½ years, on June 13, 2005, the petitioner commenced his pursuit of collateral review by filing a Motion for Appropriate Relief ("MAR," hereafter) in the Superior Court of Catawba County. However, the petitioner's MAR was

summarily denied ten days later on June 23, 2005. The petitioner did not next file a Petition for a Writ of Certiorari, or seek any further review in the State court system.

Instead, on August 2, 2005, the petitioner submitted a "Notice of Appeal" form along with a "Request For A Certificate Of Appealability" form to the Fourth Circuit Court of Appeals. However, inasmuch as the petitioner did not then have a case pending in the federal court system, on August 9, 2005, the Clerk of Court returned the petitioner's materials to him. The Clerk's letter of enclosure advised the petitioner that since his materials suggested that he was seeking to challenge his state court convictions, and he had no federal case pending, he must exhaust his remedies in State court before pursuing an appeal in the federal Court of Appeals.

Notwithstanding that information, on or about September 7, 2005, the petitioner again submitted his materials to the Fourth Circuit Court of Appeals. Not surprisingly, by letter dated September 9, 2005, the petitioner's materials were returned to him with a similar explanation as the one he was previously given. However, this second letter from the Court of Appeals further advised the petitioner that if he had, in fact, fully exhausted his state remedies, he could file a federal Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. 2254. For his convenience, the Clerk enclosed a form-§2254 Petition with her letter to the petitioner.

With that slight encouragement, on December 13, 2005, the

petitioner filed the instant Petition in this Court. By his Petition, presumably the petitioner is seeking to challenge his State court proceedings on grounds which he has neglected to identify in his Petition.[1] However, notwithstanding the petitioner's apparent belief to the contrary, the undersigned has concluded that the instant Petition must be <u>dismissed</u> as untimely filed.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

> A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right

---

[1] Even if this Court construed the instant Petition as raising the claims which the petitioner set forth in the MAR which he filed in State court--which MAR he has submitted along with this Petition, that would be of little benefit to the petitioner in light of the other problems which subject this Petition to summary dismissal.

> has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the instant Petition reports that the petitioner sustained his convictions on January 27, 2003, and that he did not directly appeal those matters. Thus, based upon the relevant legal precedent, this Court must conclude that the petitioner's convictions and sentence became final no later than February 10, 2003--that is, at the expiration of the brief period during which he could have (but did not) properly file a direct appeal of those matters. See N.C.R.App.P. 4(a) (providing a 14-day period for filing of a notice of appeal).

Furthermore, inasmuch as the petitioner's convictions and sentence became final by February 10, 2003, in the absence of any intervening circumstance, the petitioner had up to and including February 10, 2004 in which to file the instant habeas Petition. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28

U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, the petitioner did <u>not</u> file this Petition by such February 2004 date.

Instead, the petitioner let nearly 2 ½ years elapse after the date of he was convicted and sentenced before he initiated his unsuccessful collateral review proceedings by his MAR in the North Carolina courts. Thus, while the AEDPA entitles the petitioner to have the limitation period tolled for the 10-day period between June 13 and June 23, 2005 during which he was seeking collateral review, that fact is of little consequence here. That is, the petitioner's one-year period already had expired about 16 months before he even began those collateral proceedings. Therefore, the petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.

No doubt, the petitioner was aware that his Petition likely would be construed as time-barred.[2] Nevertheless, despite having

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal <u>habeas</u> forms to comply with <u>Hill</u>. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form]

been prompted to provide such information, the petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant Petition. Indeed, in response to the habeas form's question concerning why the petitioner had waited more than one year to file this action, he merely wrote: "15A-1444(a2)(1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21." Suffice it to say, however, the foregoing nonsensical statement does not give rise to a statutory basis for extending the limitations period.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable

---

does not bar [such] motion." Accordingly, given the fact that the petitioner has addressed the timeliness of his Petition--albeit unsuccessfully--the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

tolling also is not available for the petitioner.[3]

### III. CONCLUSION

The petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED.**

**SO ORDERED.**

Signed: January 26, 2006

Graham C. Mullen
United States District Judge

---

[3] In addition to the fact that the instant Petition was untimely filed, such Petition also tends to establish that the petitioner did not fully exhaust his State court remedies. That is, the Petition indicates that the petitioner did not file a Certiorari Petition after his MAR was denied. However, because it is apparent that dismissing this action without prejudice in order to allow the petitioner to fully exhaust his remedies would do nothing to change the Court's conclusion that the Petition was untimely filed, the Court will not prolong the inevitable outcome. Indeed, as was noted, the petitioner did not initiate his collateral review proceedings until well after his one-year limitations period had already expired, so even if he were to return to the State court to completely exhaust his remedies, that fact would not change the result that the petitioner has waited too late to seek federal habeas review for his 2003 State court convictions.